THE circumstances of this case arc sufficiently stated in the following Opinion of the Court delivered by Judge ROANE,
This was an action on the case brought by the appellee against the appellant in the Superior Court. A verdict was rcn(lere&l for the appellee. A motion was made by the appellant for a ne~v triai; the rule for which was continued by the Judge to the next term. At that term, thc bill of exceptions states, that several affidavits, taken cx parte and without notice, of pers~ims who had not given evidence at the trial, were offered in cVi(lOnCe in (us charge of the rule; and that a motion by the appellant to reject the same was overruled by the Court. Whereupon, (the record states,) the said rule was discharged, the motion for a new trial overruled, anti judgment rendered for the appellee on the verdict. Oia the next day, it was entered of record, by consent of the parties, that on the trial various witnesses were introduced on both sides; that there was a contrariety of `evidence; that the motion for a new trial was made on the ground that the verdict was against the weight of evidence; and that a new trial would have been awarded by the Conrt, but for the impression made upon it by the affidavits afom~ *458 said. This addition to the record, being entered on the order book, received the sanction of the Court, and establishes the important fact, that the decision on the rule was varied, by the affidavits in question.
While the Court is not fond of encouraging the practice of enlarging, to a subsequent term, rules for new trials, made on the ground of the verdict being contrary to evidence, on account of the inconveniences which would ensue from a change in the identity of the Judges, it has no hesitation to say, that a motion like the one before us must rest on the evidence actually given in at the trial, exclusive of all other. The objection that the verdict is contrary to evidence, must necessarily have some limit. It is pointed to, and bounded by, the evidence used on the trial. A new trial comes in place of an attaint of the Jury; and it would have been highly unjust to have punished the Jury on account of evidence which was not before them. Besides; it would relieve a party against the effect of his own laches, and lay the foundation of increasing motions for new trials to infinity. This ulterior testimony was therefore utterly inadmissible. The objection to it is increased, in the case before us, by the affidavits being taken ex parte, and without notice. Whatever liberality may be extended to affidavits, in this particular, in other cases, we ought not to overlook the objection in the case in question. We ought not to control evidence duly taken, and as to which the adverse party had the liberty to cross examine, by testimony in regard to which he was deprived of this important privilege.
We are therefore of opinion to reverse the judgment, and award a new trial.